IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRIAN SHAWN SAUDER,

    Plaintiff,

vs.       Case No. 4:10cv230-SPM/WCS

SERGEANT GREEN,
OFFICER DANIEL JONES,
CAPTAIN PATE,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending is a motion to dismiss for failure to exhaust and failure to state a claim, doc. 31, filed by Defendants Green and Pate. Plaintiff has responded to the motion. Doc. 38. Defendant Jones remains unserved.[1] Doc. 36.

---

[1] On March 17, 2011, an unexecuted summons was returned for Defendant Jones, doc. 26, but advising that he no longer worked at Wakulla C.I. but now worked at Jefferson C.I. Thus, service was attempted at that location, doc. 27, but summons has been again returned unexecuted for Defendant Jones, doc. 32, this time advising that the Defendant no longer works for the Department of Corrections. Doc. 32. Additional attempts to serve the complaint have been suspended until ruling on the motion to dismiss concerning the argument that Plaintiff failed to exhaust his administrative remedies. My prior order stated that if the motion were granted, it would have been a wasteful endeavor to locate the missing Defendant and serve him. If the motion to dismiss were denied, however, then the Court will *sua sponte* seek assistance from the Department of Corrections in locating this Defendant.

Plaintiff, a *pro se* inmate, filed a complaint alleging the use of unnecessary and excessive force on May 26, 2010, when Plaintiff was subjected to pepper spray while confined at Wakulla Correctional Institution. Doc. 1. The complaint was filed on June 4, 2010. *Id.* Plaintiff alleges that the use of force was directed at his cellmate for an incident that occurred between Defendant Jones and the cellmate two weeks earlier. *Id.* He alleges that when the use of chemical agents was about to occur, Plaintiff asked each of the three Defendants for permission to be moved before they used the chemical agents. Plaintiff's requests were all denied and he was told to just cover up. After the chemicals were applied, Plaintiff was allowed to shower for only three minutes, which Plaintiff contends was not enough time to remove all the chemical agents. He asserts that he was then taken to another cell and left there for some eighteen hours without a blanket, clothes, or mattress. Plaintiff alleges that the use of chemical agents is a common practice at Wakulla Correctional Institution for "anything and everything" and violates the Eighth Amendment. *Id.*, at 6.

Plaintiff also contends that Captain Pate is responsible for "tampering" with evidence because of the manner in which the video camera is used to tape the incident. Doc. 1. Plaintiff contends the camera is used to depict the officer warning an inmate, but it never captures an inmate being disruptive. Plaintiff alleges that he asked for the camera to show that they were not being disruptive, but the request was denied. Plaintiff also said that the camera does not actually record the use of force either, only the warning. *Id.*

Finally, Plaintiff admits on the complaint form that he was too afraid to exhaust administrative remedies. Doc. 1, p. 7. Plaintiff says that he was threatened with

retaliation if he filed a grievance about the incident. Plaintiff states that he is willing to exhaust administrative remedies to preserve his case if the court will order that no retaliation take place.

**Standard of review**

The issue on whether a complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009), *quoting* Twombly, 550 U.S. at 570, 127 S.Ct. 1955.[2] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949, *citing* Twombly, 550 at 556; *see also* Speaker v. U.S. Dept. of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").

---

[2] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965, *quoting* Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

*Pro se* complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). A complaint does not need detailed factual allegations to survive a motion to dismiss, but it must provide the grounds for a plaintiff's entitlement to relief beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Twombly, 127 S.Ct. at 1964-65.

> If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding. Moreover, claims lacking merit may be dealt with through summary judgment under Rule 56.

Swierkiewicz, 122 S.Ct. at 998-999.

**Motion to Dismiss, doc. 31**

Defendants Pate and Green filed the motion to dismiss asserting that Plaintiff failed to exhaust his administrative remedies and that he failed to state a claim. Doc. 31. The motion acknowledges that on July 28, 2010, Plaintiff was transferred from Wakulla Correctional Institution to Columbia Correctional Institution.

Defendants contend that the complaint fails to state a claim for retaliation. While noting that Plaintiff did not allege which Defendant specifically threatened Plaintiff, Defendants contend that Plaintiff's allegation is vague and conclusory. Doc. 31. They contend that Plaintiff has not sufficiently alleged a claim of retaliation.

**Failure to state a claim, threat of retaliation**

Plaintiff's alleged threat of retaliation, when viewed in the totality of Plaintiff's complaint, and when given the liberal reading of a complaint that must be afforded a *pro se* litigant, is sufficient to state a claim.  In general, verbal taunts or threats alone are insufficient to state a constitutional violation.  See <u>Edwards v. Gilbert</u>, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989).  Here, however, Plaintiff alleged that excessive and unnecessary force was used upon him and then he was threatened with retaliation if he ever filed a grievance about the incident.  Because the incident itself was alleged to be a use of force carried out in retaliation for a two-week old incident, Plaintiff's allegations do not present a mere verbal threat, but a threat accompanied by physical force.

> When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated.  This is true whether or not significant injury is evident.  Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.  Such a result would have been as unacceptable to the drafters of the Eighth Amendment as it is today.

<u>Hudson v. McMillian</u>, 503 U.S. 1, 9, 112 S.Ct. 995, 1000 (1992) (internal citations omitted); *see also* <u>Chandler v. District of Columbia Dept. of Corrections</u>, 145 F.3d 1355, 1361 (C.A. D.C., 1998).  The claim read liberally, therefore, is that Plaintiff was threatened by Defendants, *inter alia*, with additional unjustified physical force in violation of the Eighth Amendment if he exercised his First Amendment right to file a grievance.  Furthermore, Plaintiff's allegations are neither vague nor conclusory.  Plaintiff alleged a factual event and did not merely provide an "[u]nsupported conclusion of law."  The claim is not insufficient because Plaintiff did not "provide specific details regarding his claim of retaliation such as who threatened him, how he was threatened or where and

when he was threatened."  Doc. 31, pp. 3-4.  It might be necessary to file a motion for more definite statement, but Plaintiff's allegation survives the plausibility standard of Twombly and is not vague on conclusory.  The motion to dismiss should be denied on this basis.

### Exhaustion of administrative remedies

Plaintiff readily admits within the complaint that he failed to exhaust administrative remedies before filing suit.  Doc. 1.  Defendants argue that even if Plaintiff's admission is true that he failed to exhaust because of fear from the threat of retaliation, it does "not explain why, even though in July 2010, he was transferred to another institution, he still has [not] attempted to complete the administrative grievance process."  Doc. 31.

Plaintiff asserts in his response to the motion to dismiss that after being gassed, he was kept in disciplinary confinement.  Plaintiff explains that any contact he would attempt to make outside of confinement would have to go through the Defendants "and their 'crew' of coworkers."  Doc. 38, p. 1.  Thus, Plaintiff says that he could not submit either a grievance or an emergency grievance, as any attempt to do so would have been a direct threat to Plaintiff's life.  *Id.*, at 2.  Plaintiff says that "[a]ll institutional grievances and mail are collected and scanned by the very same confinement staff who were either committing the sadistic acts or were cosigning them."  *Id.*  Plaintiff claims that any attempt to send a grievance would have been "read, destroyed, and the Defendants would have been alerted" to Plaintiff's attempt.  *Id.*

Plaintiff says that when he was transferred, he was "threatened by the Defendants not to grieve or expose the incident after being transferred."  *Id.*, at 2.

Case No. 4:10cv230-SPM/WCS

Plaintiff said that the Defendants, "specifically Cpt. Pate told him that he knew people at Columbia and they would get [Plaintiff] if he exposed them." *Id.* Plaintiff then said that upon his arrival at Columbia, "several officers told him that they knew who he was and what happened at Wakulla." *Id.*, at 3. Plaintiff was told that "as long as he was a 'good boy' and let the past alone all would be good." *Id.* Plaintiff says he took those comments as a direct threat not to say anything. *Id.*

Plaintiff acknowledges that he is in protective management status at Columbia CI, and says that custody status protects an inmate from other inmates in open population, but it does not protect the inmate from officers. Plaintiff reports that his confinement in protective management means nothing if an officer wants to retaliate. Plaintiff explains that an inmate is simply "set up or given bogus disciplinary reports, then they are 'dealt with' in confinement where there are no witnesses." *Id.* Plaintiff claims that he should not "have to risk his life to meet the exhaustion requirement." *Id.* Plaintiff says that he "did not and could not safely exhaust his remedies at the institutional level by grievance of any kind, nor any other vehicle." *Id.* Plaintiff requests that his case not be dismissed or that he be directed to "refile after exhaustion of grievances due to the serious risk to his life trying to accomplish such." *Id.*

When the Prison Litigation Reform Act was enacted, Congress mandated that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement of § 1997e(a) is mandatory, whether the claim is brought pursuant to § 1983 or Bivens. Alexander v. Hawk, 159

F.3d 1321, 1324-26 (11th Cir. 1998). The exhaustion requirement of § 1997e(a) is not jurisdictional, however. Bryant v. Rich, 530 F.3d 1368, 1374 n.10 (11th Cir.), *cert. denied*, 129 S.Ct. 733 (2008) (citing Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2392, 165 L.Ed.2d 368 (2006)). Still, there is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing. Alexander, 159 F.3d at 1325; *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Brown v. Sikes, 212 F.3d 1205, 1207-08 (11th Cir. 2000) (finding that an inmate must "provide with his grievance all relevant information reasonably available to him" but he cannot be required to name individuals responsible for challenged conduct when he could not yet identify those persons).

The Court may not consider the adequacy or futility of administrative remedies, but only the availability of such. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000), *citing* Alexander, 159 F.3d at 1323. Even where an inmate seeks only monetary damages in a civil rights case, he must complete the prison administrative process if it could provide some sort of relief on the complaint although no money could be given administratively. Booth v. Churner, 531 U.S. 956, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001). "Requiring exhaustion allows prison officials an opportunity to resolve

disputes concerning the exercise of their responsibilities before being haled into court." Jones v. Bock, 549 U.S. 199, 204-209, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007).[3]

However, an inmate is not required to grieve a "breakdown in the grievance process" because the PLRA only requires that a prisoner exhaust his "available administrative remedies." Turner v. Burnside, 541 F.3d 1077, 1083 (11th Cir. 2008). In Turner, a Georgia inmate filed a civil rights action against various prison officials claiming "he had been subjected to cruel and unusual punishment as a result of an incident in which he was deliberately exposed to electrical shock." 541 F.3d at 1080. Turner submitted a formal grievance, but just a few days later, the Warden called him "to security" and told him that if Turner did not "like the way they did things around here he would put" Turn in a van and transfer him so he "would never be able to see [his] family again till [he] got out of the Georgia Prison System." 541 F.3d at 1081 . The Warden then "tore up Turner's complaint in front of him and said that he 'had better not hear of another grievance or lawsuit pertaining to [Turner] getting shocked.' " *Id.* When Turner filed his civil rights complaint, Defendants sought dismissal on the basis that Plaintiff failed to exhaust administrative remedies and the Magistrate Judge agreed, laying out three options Plaintiff could have taken,[4] and then recommending dismissal of

---

[3] The Court further rejected the view of the Sixth Circuit when it concluded that "nothing in the statute [§ 1997e(a)] imposes a 'name all defendants' requirement." Jones v. Bock, 549 U.S. at 217-219, 127 S.Ct. at 922-923 (concluding "that exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances.").

[4] The three options were that plaintiff should have "(1) filed an additional grievance (formal or informal); (2) sought an appeal of the warden's destroying his grievance, which could be construed as a denial of the grievance; or (3) sought leave to file an additional and/or out-of-time grievance." Turner, 541 F.3d at 1081.

his case. *Id.* "Turner objected to the recommendation, contending that the warden's threat to ship him far away from his family had rendered his administrative remedies unavailable." *Id.*, at 1081-82. The District Judge adopted the recommendation over plaintiff's objections. *Id.*, at 1082. "In doing so, the court expressed its belief that threats alone cannot make administrative remedies unavailable and, even if they could, Turner should have taken the three actions identified by the magistrate judge." *Id.*

On appeal, the Eleventh Circuit rejected defendants' argument "that threats of retaliation, especially those that do not raise the specter of physical abuse, cannot make a remedy unavailable." *Id.*, at 1084. The Eleventh Circuit joined with the Seventh and Second Circuits in holding "that it is possible for retaliation or the threat of retaliation to make administrative remedies unavailable to an inmate." *Id.,citing* Kaba v. Stepp, 458 F.3d 678, 686 (7th Cir. 2006); Hemphill v. New York, 380 F.3d 680, 688 (2d Cir. 2004). "Remedies that rational inmates cannot be expected to use are not capable of accomplishing their purposes and so are not available." Turner, 541 F.3d at 1084. The Court noted that "[o]ne of the purposes of administrative remedies is to give prisoners a way of attempting to improve prison conditions without having to file a lawsuit." *Id.*, at 1040, *citing* Woodford v. Ngo, 548 U.S. 81, 93, 126 S.Ct. 2378, 2387, 165 L.Ed.2d 368 (2006). "That purpose is thwarted if the prisoner is told that lodging a grievance will result in his overall condition becoming worse instead of better." *Id.* Thus, the court concluded that

> . . . a prison official's serious threats of substantial retaliation against an inmate for lodging or pursuing in good faith a grievance make the administrative remedy 'unavailable,' and thus lift the exhaustion requirement as to the affected parts of the process if both of these conditions are met: (1) the threat actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the

> process; and (2) the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust.

Turner, 541 F.3d 1077, at 1085 (*citations omitted*).

Plaintiff here has alleged that retaliation was the reason for the use of force in the first place, and that he was threatened with further retaliation if he reported it. Plaintiff claims that he was transferred, but still warned not to report the incident. Then upon his arrival at the new institution, Plaintiff was advised that they knew who he was and he was told to be a "good boy." Plaintiff has expressed his fear in proceeding with exhaustion steps, even at this point. Plaintiff also states his opinion that given the nature of his complaint, he "doubts seriously that the FDOC would have done any more than deny his grievances." Doc. 38, p. 3.

Defendants assertion that Plaintiff could have filed grievances after his transfer to Columbia CI would be more persuasive if it were not for Plaintiff's allegations that he was immediately threatened there as well. Moreover, Plaintiff filed this case in early June, 2010, and he was not transferred until July 28th. That is similar to the argument raised in Turner, that the plaintiff could have filed administrative grievances after the warden retired the following month. The Eleventh Circuit stated: "[A]n administrative remedy that is unavailable until after the lawsuit is filed is not an available remedy within the meaning of § 1997e(a)'s exhaustion requirement . . . ." Turner, 541 F.3d at 1086, *quoting* Goebert v. Lee County, 510 F.3d 1312, 1324 (11th Cir. 2007).

At the motion to dismiss stage, the court "must accept all factual allegations as true and construe them in the light most favorable to the plaintiff." Baloco ex rel. Tapia v. Drummond Co., Inc., 640 F.3d 1338, 1344-45 (11th Cir. 20101). Plaintiff has

sufficiently alleged that administrative remedies were not "available" to him and this case should not be dismissed on that basis.

**Injunctive relief**

Defendants contend that Plaintiff's request for an injunction be denied as moot. Doc. 31.  Plaintiff did not request injunctive relief in the "Relief Requested" portion of the complaint, but he did end his factual allegations with a request for an injunction to prohibit the Defendants from retaliating against him.  Doc. 1, p. 7.  Defendants are correct that a transfer to another prison generally will moot a prisoner's claim for injunctive relief.  Smith v. Allen, 502 F.3d 1255, 1267 (11th Cir. 2007); Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir.1988) (recognizing prisoner's claims concerning prison conditions are moot when prisoner transferred to another facility).  The injunction sought is to prevent *these* Defendants from committing a retaliatory act.  Plaintiff's request for an injunction, buried within the factual allegations, is moot considering that Plaintiff has been transferred away from the named Defendants.

**Eleventh Amendment immunity**

Defendants raise Eleventh Amendment immunity in the motion to dismiss as well.  The Eleventh Amendment bars suits against the State and its employees in their official capacity for money damages unless waived by the State or Congress. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 97-103 (1984).  The State of Florida has not waived its immunity.  Congress has also not waived the immunity of the states through §1983.  While Congress could abrogate the immunity of the states, it must express itself without equivocation, and it has not done so.  Pennhurst, 465 U.S. at 99.  Therefore, Plaintiff cannot sue Defendants in their official capacities for civil

damages and the motion to dismiss must be granted on that basis.  Plaintiff's claims for damages must be limited to claims raised against Defendant in their individual capacities.

**Physical injury**

Plaintiff seeks a million dollars in compensatory damages and the same amount in punitive damages.  Doc. 1, p. 8.  Defendants contend that Plaintiff has not suffered physical injury and his claim for monetary damages is precluded by 42 U.S.C. § 1997e(e).  Doc. 31, p. 11.

Section 1997e(e) limits recovery for prisoner plaintiffs seeking monetary damages for mental or emotional injuries suffered while in custody, absent a prior showing of physical injury.  42 U.S.C. § 1997e(e).  While § 1997e(e) does not define physical injury, the Eleventh Circuit has concluded that to satisfy the statute "the physical injury must be more than *de minimis*, but need not be significant."  Harris v. Garner, 190 F.3d 1279, 1286 (11th Cir.1999), vacated in part on other grounds, 216 F.3d 970 (11th Cir. 2000) (en banc).  "While § 1997e(e) bars damages for mental or emotional injury, it does not" preclude declaratory or injunctive relief (if otherwise available), Harris, 190 F.3d at 1288, or nominal damages.  Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003) (stating that "[n]ominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages.").  Further, absent a showing of a compensable physical injury, a request for punitive damages is also prohibited by § 1997e(e).  Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007).

Plaintiff alleges that he could not breathe, that he was disoriented as a result of the alleged use of chemical agents, that he was not provided enough time to wash the chemicals from his body, and that his skin was "peeling" from the gas.  Some cases have held that application of pepper spray or similar chemical agents does not cause more than *de minimis* injury and thus emotional damages are precluded.  See Kornagay v. Burt, 2011 WL 839496. *22 (N.D. Fla. Feb 08, 2011) (No. 3:09cv281-LAC/EMT), Report and Recommendation Adopted by Kornagay v. Burt, 2011 WL 855619 (N.D. Fla. Mar 09, 2011) (No. 3:09cv281-LAC/EMT) and cases cited; Jennings v. Mitchell, 93 F. App'x 723, 725 (6th Cir. 2004) (finding that prisoner who suffered the discomfort of pepper spray had shown only *de minimis* injury).  At this stage, however, it cannot be said that Plaintiff has not alleged a plausible claim for more than a *de minimis* injury.  A chemical burn that causes the skin to peel might be *de minimis* and it might not, depending upon the seriousness of the chemical burn.  Thus, this aspect of Defendant's motion to dismiss should be denied.

**Conclusion**

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' motion to dismiss, doc. 31, be **DENIED in part**, and **GRANTED in part**.  Plaintiff's claim for relief is limited to nominal damages against Defendants in their individual capacities.  It is further **RECOMMENDED** that this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on July 25, 2011.

    s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.